UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23827-CV-SEITZ/TURNOFF

DARRYL RICHARDSON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Petitioner, Darryl Richardson's ("Richardson") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. **(ECF No. 1)**, and an Order of Referral entered by the Honorable Patricia A. Seitz. **(ECF No. 4)**.

Upon careful review of the Motion and supporting exhibits, the Response, the Reply, the underlying criminal case file, related actions in this district, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

## Background

On September 23, 2004, Richardson was indicted by a grand jury in the Southern District of Florida. **(ECF No. 1)**. The grand jury found, among other things, that Richardson knowingly and intentionally conspired to distribute five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841 and § 846. **(ECF No. 8, Attach. 1)**. Richardson proceeded to trial in Case No: 04-20705-CR-COOKE[1] (hereinafter "2004 CR case"). **(ECF No. 8)**. On January 30, 2006, a jury found Richardson guilty of

_____

[1] The case was later reassigned to Judge Seitz on September 21, 2005. 2004 CR case, **(ECF No. 133)**.

conspiring to distribute five (5) or more kilograms of cocaine over the course of ten (10) years. Id.

In March 2006, the United States Probation Office (hereinafter "Probation") prepared a Presentence Investigation Report ("PSR") in preparation for Richardson's sentencing.  Id.  The PSR assigned Richardson one criminal history point based upon a 1993 Georgia criminal conviction for carrying a concealed weapon and driving with a suspended and/or a revoked license, and one criminal history point as a result of a 1995 Georgia criminal conviction for theft by taking and simple battery.  **(ECF No. 8, Attach. 3)**.  The 1995 Georgia conviction resulted in a twelve (12) month suspended sentence and a directive for Richardson to stay away from the battery victim.  **(ECF No. 1, Ex. H)**.  The PSR also attributed two criminal history points to Richardson for committing the offense at issue (2004 CR case) while on probation for the 1995 Georgia conviction.  **(ECF No. 8, Attach. 3)**.  Ultimately, the PSR assigned Richardson a criminal history category of III.  **(ECF No. 8)**.

On March 29, 2006, Richardson filed an objection to the PSR, alleging untrustworthy witnesses and requesting a decrease in criminal category level based upon his prior criminal history.  Id.  Further, Richardson argued that insufficient evidence existed to suggest that he was the subject of the prior convictions listed in the PSR.  Id.  Probation provided a fingerprint comparison confirming Richardson's identity in the above-mentioned matters.  Subsequently, he withdrew the objection.  **(ECF No. 8)**.

On April 21, 2006, Judge Seitz sentenced him to a term of imprisonment of three hundred sixty (360) months and five (5) years supervised release, based upon both the PSR and the then-operative sentencing guidelines[2].  Id.

---

[2] In November 2015, the Court reduced Richardson's 2006 sentence from three hundred (360) months to two hundred ninety-two (292) months, after granting his Motion to Reduce Sentence

On April 28, 2006, Richardson filed a Notice of Direct Appeal to the Eleventh Circuit Court of Appeals (hereinafter "2006 initial appeal"). Id. He appealed his conviction and sentence primarily on the grounds that his illegal agreements with co-conspirators (who were not charged) in the 2004 CR case did not constitute a single conspiracy, but rather multiple, separate conspiracies. U.S. v. Richardson, 532 F. 3d 1279, 1282 (11th Cir. 2008). As such, Richardson argued that the district court erred by not instructing the jury regarding this multiple conspiracies theory and its impact on the relevant statute of limitations. Id. The Eleventh Circuit affirmed Richardson's conviction, finding that there was no material and prejudicial difference between the single conspiracy charged in the indictment and the evidence presented at trial. Id. at 1293. Richardson then petitioned the United States Supreme Court for a Writ of Certiorari. (ECF No. 8). Same was denied in 2009. U.S. v. Richardson, 532 F. 3d 1279, cert. denied, 555 U.S. 1120 (2009).

*Richardson's Attempts to Vacate Prior Georgia Sentence*

While Richardson's 2006 initial appeal was pending, he filed a Petition for Writ of a Habeas Corpus and request to proceed *in forma pauperis* (hereinafter "2007 Georgia writ") in the Superior Court of Fulton County, Georgia in July 2007. (ECF No. 1, Ex. B). In the petition, he claimed that his 1995 Georgia conviction violated his Sixth Amendment right to counsel because he was not offered, and did not waive his right to, the assistance of counsel during the proceedings. Id. On July 31, 2007, the Superior Court denied Richardson's petition to proceed *in forma pauperis*. (ECF No. 1, Ex. D).

---

pursuant to Amendment 782 to the United States Sentencing Guidelines. (ECF No. 12). USSG Supp.App. C, Amdt. 782. Amendment 782 reduced many base criminal offense levels by changing the threshold amounts in the drug quantity tables at USSG §§ 2D1.1 and 2D1.11. Id. The Amendment applies retroactively and was passed in hopes of alleviating the overpopulation of federal prisons. Id.

Richardson claims that he made multiple attempts to follow up with his 2007 Georgia Writ, which he purportedly believed was the subject of an active case file[3]. **(ECF No. 1)**. The record reflects Richardson's written attempts in this regard. **(ECF No. 1, Ex. A-G)**. However, the record also shows that his efforts and diligence in pursuing the matter ended in 2008. **(ECF No. 1)**. In other words, Richardson did not pursue any further vacatur of this prior state conviction again until 2014. Id.

*First Post-Conviction Challenge*

In August 2009, Richardson filed his first *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, under case number 09-22349-CIV-SEITZ (hereinafter "First Post-Conviction Challenge"). **(ECF No. 8)**. There, he argued ineffective assistance of counsel for failing to identify and correct inaccuracies regarding his conviction history, as listed in the PSR[4], as well as false descriptions related to the Georgia offense/charges for which he had been convicted. Id. In his reply, Richardson further alleged that his 1995 Georgia conviction had been uncounseled[5]. Id.

In July 2012, United States Magistrate Judge Goodman issued a Report and Recommendation recommending that the motion be denied. Id. In doing so, Magistrate Goodman found that Richardson's arguments were both time-barred and procedurally-barred. **(ECF No. 8, Attach. 7)**. Richardson objected to the Recommendation on many grounds, including that Magistrate Goodman failed to address his claim of an uncounseled conviction.

---

[3] In fact, the petition was incomplete, and remained unprocessed. **(ECF No. 8)**.

[4] Ironically, counsel in Richardson's 2006 CR case was Mr. Oscar Arroyave, who is currently Richardson's counsel in the instant action.

[5] Richardson failed to raise this allegation in the First Post-Conviction Challenge original complaint.

**(ECF No. 8)**.    Subsequently, Magistrate Goodman issued a Supplemental Report and Recommendation wherein he addressed this claim, as well as Richardson's contention that his prior 1995 Georgia conviction should not have been included in his sentencing computation. Id.

In September 2012, Judge Seitz adopted Magistrate Judge Goodman's Recommendation and denied Richardson's Motion.  **(ECF No. 1, ECF No. 8)**.  In her Order, Judge Seitz noted that, notwithstanding the temporal and procedural time-bars to Richardson's allegations:

> [Richardson] failed to meet his burden of showing prejudice.  If the misdemeanor conviction were excluded from [his] criminal history, his sentencing guideline range would [still] have been 292-365 months.  [Thus,] [h]is 360 month sentence [nevertheless] falls within that range.  Further, [he] has not shown that the Court would have sentenced him differently if the lower range applied.

**(ECF No. 8)**.

Thereafter, in November 2012, Richardson filed a *pro se* Notice of Appeal to the Eleventh Circuit Court of Appeals (hereinafter "2012 second appeal"), contesting the district court's ruling on his First Post-Conviction Challenge. **(ECF No. 1)**.  In June 2013, the Eleventh Circuit Court of Appeals issued a Certificate of Appealability ("COA") on the issue of "whether Richardson's counsel was ineffective for failing to investigate and obtain the necessary documents to adequately argue for a downward departure...on the basis that his conviction listed in...the presentence investigation report substantially overstates the seriousness of his criminal history." Id.

While this 2012 second appeal was pending, Richardson contacted Probation to inquire about his prior sentencing history. Id. In 2013, Probation conceded in writing (hereinafter "2013 Probation Office letter") that Richardson should not have received two additional criminal history points (for his 1995 prior Georgia conviction) at the time of sentencing in the 2006 CR case, specifically, because one of the prior charges, i.e. theft by taking, had been dismissed.

**(ECF No. 1, Ex. A)**.  Probation confirmed that Richardson should have only been  assessed one criminal history point for the 1995 conviction, rather than the two criminal history points in the 2006 PSR.  Id.  Nevertheless, Richardson was advised that he should have presented this objection during the addendum process or at the time of sentencing, and accordingly, that the PSR should not be altered without a court order.  Id.

In February 2014, the Eleventh Circuit Court of Appeals affirmed the district court's denial of Richardson's First Post-Conviction Challenge, holding, among other things, that Richardson was not prejudiced by his counsel's failure to obtain additional documents in support of a motion for downward-departure of his sentence.  Richardson v. U.S., 556 Fed. App'x. 851, 852-53 (11th Cir. 2014).

*Second Post-Conviction Challenge*

In December 2013, Richardson filed a subsequent *pro se* Petition for Writ of Habeas Corpus (hereinafter "Second Post-Conviction Challenge") pursuant to 28 U.S.C. § 2241 in case number 14-20063-CIV-MORENO, asserting noncompliance with the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013)[6].  **(ECF No. 8)**.  In July 2014, United States Magistrate Judge White issued a Report and Recommendation recommending that:  (1) Richardson's Second Post-Conviction Challenge be construed as a successive § 2255 motion, (2) the Second Post-Conviction Challenge be dismissed, (3) a certificate of appealability not be issued, and that (4) Richardson's case be closed.  Id.  In August 2014, Richardson filed an objection to the Report and Recommendation, denying that his claim was successive in nature.  Id.  However, shortly

---

[6] *Alleyne* held that any fact that increases the mandatory minimum sentence to be imposed for a crime is an "element" of the crime, and not a "sentencing factor".  Id. at 2153.  Because mandatory minimum sentences increase the penalty for a crime, this fact must be submitted to the jury.  Id.

thereafter, Judge Moreno adopted the Recommendation and dismissed his Second Post-Conviction Challenge as successive. Id.

*Third Post-Conviction Challenge*

On July 17, 2014, while Richardson's Second Post-Conviction Challenge was pending before the Court, he filed a third *pro se* Motion to Vacate, Set Aside, or Correct his sentence (hereinafter "Third Post-Conviction Challenge") pursuant to § 2255 in case number 14-22680-CIV-SEITZ **(ECF No. 1, ECF No. 8)**. There, Richardson argued that his criminal history and resulting sentencing range were erroneous based upon the 2013 Probation Office letter conceding that his criminal history was incorrectly calculated. **(ECF No. 1)**. Again, Judge White issued a Report and Recommendation recommending that this Third Post-Conviction Challenge be construed as an unauthorized and successive claim because Richardson failed to first obtain the Eleventh Circuit Court of Appeal's permission for the district court to consider the application, as required by 28 U.S.C. § 2244(b)(3)(A). **(ECF No. 8, Attach. 17)**. In doing so, Judge White concluded that the Court lacked jurisdiction to entertain the Motion. Id. In November 2014, Judge Seitz adopted the Report and Recommendation and dismissed Richardson's Third Post-Conviction Challenge as successive. Id.

*Vacatur of Petitioner's Prior Georgia Sentence*

In October 2014, Richardson retained counsel for the purpose of requesting vacatur of his 1995 prior Georgia sentence. Id. Richardson's counsel was successful. Id. On April 1, 2015, Judge Edlein of the State Court of Fulton County, Georgia entered an Order vacating Richardson's prior twelve (12) month suspended sentence, but affirming his conviction. Id.

*Fourth (Instant) Post-Conviction Challenge*

In October 2015, Richardson filed the instant action and Motion to Vacate, Set Aside, or Correct his sentence pursuant to § 2255 in case number 15-23827-CV-SEITZ/TURNOFF. **(ECF No. 1)**. In this Motion, Richardson argues that the April 1, 2015 vacatur of his 1995 Georgia sentence constitutes a new fact that he can utilize to challenge his conviction in the 2004 CR case. Id. He seeks, *inter alia*, a sentence reduction of fifty-seven (57) months, resulting in a new sentence of two hundred thirty-five (235) months. Id.

### Standard of Review

Pursuant to 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner has one year within which he/she may file a petition for writ of habeas corpus seeking to modify his federal sentence. See 28 U.S.C. § 2255. The period shall run from the latter of certain dates, one of which is "the date on which the facts supporting the claim or claims presented could be discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This one year period begins to run when the petitioner receives notice of the order vacating a prior conviction used to enhance the petitioner's federal sentence, provided he sought the vacatur with due diligence in state court after entry of judgment in the federal case. Johnson v. United States, 544 U.S. 295, 302, 308 (2005). "Diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Id. at 308.

In applying the relevant law to the facts of this case, the undersigned finds that Richardson's Motion is without merit. Accordingly, for the foregoing reasons, the undersigned hereby **RESPECTFULLY RECOMMENDS** that same be **DENIED**.

## Analysis

*Petitioner's Motion is Barred Because the Action is Successive*

A federal prisoner typically must collaterally attack his sentence through a motion pursuant to 28 U.S.C. § 2255. Only a single § 2255 motion is permitted, and successive attempts at relief are limited. Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011). Richardson correctly asserts that vacatur of a prior state court conviction constitutes a "new fact" that *may* be utilized to challenge a petitioner's sentence. See Stewart, 646 F.3d at 859; Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). In Stewart, for example, the Eleventh Circuit found that a petitioner's second § 2255 motion was not successive because the factual basis for the petitioner's § 2255 claim did not arise until vacatur of his state court conviction. Stewart, 646 F.3d at 859. Similarly, in Boyd, the Court found that the petitioner's fourth § 2255 motion was not successive because the basis for the claim (the state court vacatur of a prior conviction used in computing the petitioner's federal sentence) did not occur until after the initial § 2255 motion concluded. Boyd, 754 F.3d at 1302.

The instant § 2255 motion, however, is successive, and should be denied. Here, Richardson declares that "[his] *entire* sentence in Georgia was vacated." **(ECF No. 12)** (emphasis added). While Richardson's *sentence* was indeed vacated, the fact remains that his *conviction* remains intact. Only the suspended sentence of twelve months imprisonment was vacated. ("The Court VACATES the twelve month suspended sentence, and AFFIRMS the conviction and the directive to stay away from the victim."). Order Vacating Sentence at 2, Georgia v. Richardson, No. 95CR170351 (Ga. State Ct., Fulton Cty. Apr. 21, 2006)[7]; See **(ECF No. 1, Ex. H)**. In other words, the court did not vacate the judgment in the entirety;

---

[7] Richardson previously used "Carlton Richardson" as an alias, which is the name noted on Judge Edlein's Order. **(ECF No. 1)**.

Richardson's prior conviction still stands.  As noted by the Government, this distinction matters[8]. Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014).

Had the Superior Court of Fulton County deemed it appropriate, it would have fully vacated Richardson's prior conviction.  However, the order clearly vacated only the sentencing portion of the prior judgment, while affirming Richardson's conviction.  Because the court did not vacate Richardson's prior conviction, the sentencing vacatur does not constitute a "new fact" sufficient to warrant a modification of his federal sentence.  On those grounds alone, the instant Motion is successive and should be denied.

*Petitioner's Action is Barred Because the Court Lacks Jurisdiction*

As noted above, Richardson's Motion is successive.  The AEDPA requires that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Richardson has failed to obtain such approval from the Eleventh Circuit Court of Appeals.  Without an order authorizing the district court to consider the application, this court lacks jurisdiction to hear the matter.  Again, on those grounds alone, Richardson's Motion should be denied.

*Petitioner's Action is Time-Barred*

Richardson is further barred from relief pursuant to 28 U.S.C. § 2255 because his action fails to meet the statute's filing requirements.  Pursuant to § 2255, a one year period of limitation applies to a motion to vacate, set aside, or correct a petitioner's sentence and runs from "the date on which the facts supporting the claim or claims presented could be discovered through the

---

[8] Because of this distinction, Richardson's Motion is unlike Stewart and Boyd.  There, the petitioners' prior state convictions were vacated.  Stewart, 646 F.3d at 859; Boyd, 754 F.3d at 1302.  Here, Richardson's state conviction was affirmed, while only his sentence was vacated.

10

exercise of due diligence." 28 U.S.C. § 2255(f)(4). In cases such as this, the one year period begins to run when the petitioner receives notice of the order vacating the prior state conviction, provided he acts diligently in pursuing both the § 2255 motion and the vacatur of the prior state court conviction after entry of judgment in the federal case. Johnson, 544 U.S. at 302, 308. "Diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Id. at 308.

Assuming for the sake of argument that the Fulton County Superior Court vacated Richardson's prior conviction[9], Richardson diligently pursued the instant § 2255 motion. Judge Edlein vacated Richardson's prior sentence in April 2015. **(ECF No. 1)**. Here, Richardson filed the instant Motion in October 2015, less than five (5) months following the vacatur. Id. As indicated above, the one year period does not begin to run until the petitioner receives notice of the order vacating the prior conviction. Johnson, 544 U.S. 295 at 308. Although the state court conviction was not, in fact, vacated, it is evident that had it been, Richardson did indeed act promptly in bringing the instant motion. However, the problem remains that he failed to act with the same promptness as to his efforts to challenge his prior state conviction.

Specifically, he was convicted in the 2004 CR case on April 21, 2006. **(ECF No. 1)**. On July 12, 2007, approximately fourteen (14) months later, Richardson filed a writ of habeas corpus with the Superior Court of Fulton County, Georgia, seeking to correct or overturn his prior state conviction. Id. The court denied his motion, and Richardson made no further attempts to vacate this sentence until six years later, in 2014. Id. This inaction renders Richardson's instant § 2255 motion untimely.

---

[9] As noted above, Judge Edlein did not vacate Richardson's prior conviction, but rather his related sentence. **(ECF No. 1, Ex. H)**.

In Johnson, the U.S. Supreme Court concluded that a petitioner's delay of twenty-one (21) months in pursuing vacatur of a prior state sentence was insufficient to prove the level of diligence required to bring a successful challenge under § 2255. Johnson, 544 U.S. at 311. Similarly in Rivers and Arroyo, the Eleventh Circuit found that petitioners' delay of four years, and three and one half years, respectively, in seeking vacatur of a prior state conviction used to enhance the petitioners' federal sentences was too long. Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005); Arroyo v. United States, No. 09-12205, 2009 WL 5126544, at *2-3 (11th Cir. Dec. 30, 2009). If the three and four year delays in Rivers and Arroyo are not considered diligent, surely Richardson's six year delay in continuing his quest for vacatur would not be, either. Petitioner's ignorance of the law and lack of counsel are insufficient reasons for failing to initiate or continue seeking review of a prior sentence. See Johnson, 544 U.S. at 311. In short, Richardson was put on notice in 2006 that his federal sentence was enhanced, in part, upon his prior state conviction. **(ECF No. 1)**. If he had an issue with the basis of his state court conviction, he should have sought review of the prior sentence immediately. Waiting over a year to do so is negligent. Waiting six years is grossly negligent. For this reason, Richardson's Motion is time-barred and should be denied.

*Petitioner's Sentence Should Not Be Re-Computed or Adjusted*

As noted above, Richardson argues that his 2006 federal sentence was computed in error and should be re-evaluated and adjusted accordingly. District courts, however, lack the authority to review alleged sentencing errors unless the error constitutes a defect of such magnitude that it would result in a "complete miscarriage of justice" should it not be reviewed. Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Such a defect may be demonstrated by petitioner proving either actual innocence or

vacatur of a prior conviction used in computing the petitioner's federal sentence. Spencer, 773 F.3d at 1138. Here, Richardson fails to allege actual innocence and, as the undersigned has noted above, does not provide sufficient factual or evidentiary support to demonstrate that the State Court of Fulton County, Georgia vacated his prior conviction. For these reasons, the Court is unable to adjust or modify his sentence.

It bears noting that Richardson also failed to provide evidence that his prior Georgia conviction (either the modified or unmodified version) determined or influenced Richardson's sentence in any way. In fact, in her 2012 decision denying Richardson's First Post-Conviction Challenge, Judge Seitz highlighted that:

> [Richardson] has failed to meet his burden of showing prejudice. If the misdemeanor conviction were excluded from [his] criminal history, his sentencing guideline range would [still] have been 292-365 months. His 360 month sentence falls within that range. Further, [Richardson] has not shown that the Court would have sentenced him differently if the lower range applied.

**(ECF No. 8)**.

Lastly, having found that the Motion is successive and both time- and procedurally-barred, there is no need to address any other issues raised by the Government, however colorable they may be.

## Conclusion

Consistent with the above and foregoing, and after applying the relevant law to the operative facts, the undersigned finds that Richardson's Motion is successive and time-barred. As such, Richardson's sentence must stand and may not be reviewed.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge, within fourteen (14) days of receipt.  Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein.  RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Duggar, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this __ day of June 2016.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:    Hon. Patricia A. Seitz
       Counsel of Record

14