# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23827-CIV-SEITZ/TURNOFF

DARRYL RICHARDSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE

THIS MATTER is before the Court on a Report and Recommendation [DE 14] ("Report"), addressing Darryl Richardson's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [DE 1]. Richardson requests that his criminal history be recalculated in light of a prior state sentence that has since been vacated. The Report finds that the Court lacks jurisdiction to consider the Motion. The Report also recommends that the Motion be dismissed as successive and as time-barred. Having reviewed *de novo* the Report, Richardson's Objections [DE 15], the Government's Response [DE 18], their additional briefings [DEs 28 & 33], oral argument, and the record, the Court declines to adopt the Report and concludes that Richardson is entitled to a resentencing. Accordingly, the Motion is granted.

I.    BACKGROUND

On January 30, 2006, Richardson was convicted of conspiring to distribute five or more kilograms of cocaine. [Case No. 04-CR-20705-SEITZ.] The Presentence Investigation Report ("PSI") assigned him a Total Offense Level of 40 and a Criminal History Category III based on four criminal history points—one point for a 1993 judgment not at issue; one point for a 1995 Fulton County State Court conviction and sentence for theft; and two points for committing the federal offense while on probation from the 1995 conviction. [DE 8 at 2.]

1

Richardson objected to the PSI, claiming there was insufficient evidence to identify him as the defendant in those prior cases. [DE 8-3.] He withdrew his objection however after Probation provided fingerprint verification. [DE 8 at 2.] On April 21, 2006, the Court sentenced Richardson to 360 months imprisonment.[1] *Id.* at 3. His conviction was affirmed in July 2008. *United States v. Richardson*, 532 F.3d 1279 (11th Cir. 2008). On appeal, Richardson did not raise any issues with his prior offenses.[2]

In July 2007, Richardson filed a *pro se* state habeas petition in the Fulton County Superior Court, requesting that his 1995 conviction be vacated on grounds that it was uncounseled.[3] [Case No. HC00614.] His petition was returned unprocessed in December 2007. [DE 1-6; DE 1-7.] In January 2008, Richardson wrote to the Superior Court asking why his petition was returned. [DE 1-8.] He claims he never received an answer. Richardson then filed a second habeas petition in the Superior Court in August 2008. [Case No. HC00692.]

While his state petition was pending, Richardson filed a § 2255 petition in August 2009, claiming that his 1995 conviction was uncounseled and should not have been included in his criminal history. [Case No. 09-CV-22349-SEITZ.] Magistrate Judge Goodman issued a Report and Recommendation, concluding that Richardson was procedurally barred from attacking his state conviction for failure to raise the issue at sentencing or on appeal. [DE 8 at 5-7.] This Court adopted the Report and denied the petition in September 2012. The Eleventh Circuit affirmed in April 2014. [DE 8 at 7-8.]

---

[1] In November 2015, Richardson's Total Offense Level was reduced to 38 and his sentence was reduced to 292 months pursuant to Amendment 782 to the United States Sentencing Guidelines. [Case No. 04-CR-20705, DE 261.]

[2] In July 2013, Richardson contacted the U.S. Probation Office, claiming that his PSI inaccurately stated that he was convicted of theft and sentenced to 12 months' probation. In reality, Richardson was convicted of simple battery and given a 12-month suspended sentence with a directive to stay away from the victim. The Probation Office admitted their error and agreed that Richardson should only have received one point for the battery conviction and sentence, but not the two additional points for committing the offense while on probation. However, the Probation Office refused to alter his PSI without a court order. [DE 1-2.]

[3] His request to proceed *in forma pauperis* was denied in July 2007. [DE 1-5.] Richardson then paid the filing fee in September 2007. [DE 1 at 5.]

In January and July 2014, Petitioner filed two additional federal habeas petitions which were dismissed as successive. [Case Nos. 14-CV-20063-MORENO; 14-CV-22680-SEITZ.]

Richardson's 2008 state petition was denied in March 2014 for lack of service. [DE 33-3.] In October 2014, Richardson filed a third state habeas petition with the assistance of counsel. [DE 1 at 6-7.] On April 1, 2015, the State Court of Fulton County vacated the 1995 sentence and affirmed the conviction.[4] [DE 1-9.] Richardson then filed the instant Motion on October 14, 2015, requesting that his federal sentence be vacated in light of his vacated state sentence.

Magistrate Judge Turnoff issued his Report and Recommendation on June 13, 2016. Richardson filed Objections on June 27, 2016 and the Government filed its Response on July 25, 2016. The Court held a hearing on November 8, 2016 to discuss the objections. The Court continued the hearing until March 7, 2017. In the interim, both parties filed additional briefing.

II. ANALYSIS

The Report recommends the Motion be dismissed for several reasons. First, the Report concludes that the alleged sentencing error would not result in a "complete miscarriage of justice" and, thus, is not cognizable under 28 U.S.C. § 2255. Next, the Report finds that the Motion is successive. Lastly, the Report finds that Richardson did not seek to vacate his state sentence with sufficient diligence to restart the one-year statute of limitations under § 2255(f)(4). Richardson objects to each of these conclusions.

As a threshold matter, the Government argues that Richardson is procedurally barred from bringing his claim for failure to raise it at the time of sentencing. The Report does not address this issue and the Court reviews it in the first instance. In general, a defendant is barred from raising an issue in a § 2255 petition that was not raised at sentencing or on appeal. *United States v.*

---

[4] The April 1, 2015 Order did not vacate the part of Richardson's state sentence prohibiting him from contacting the victim. That directive was vacated in an amended order dated December 14, 2016. [DE 28-2.]

3

*Frady*, 456 U.S. 152, 167 (1982); *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004). The Government correctly asserts that Richardson could have raised his uncounseled state sentence during his federal sentencing proceeding. *See Custis v. United States*, 511 U.S. 485, 495-96 (1994) (permitting a defendant to collaterally attack a prior uncounseled state conviction during his federal sentencing proceedings). Thus, as Judge Goodman noted in his 2012 Report, Richardson is procedurally barred from attacking his state sentence on a § 2255 petition. [Case No. 09-CV-22349, DE 62 at 10 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001).]

However Richardson is not attacking his state sentence anymore. He successfully vacated that sentence in state court based on its constitutional defect. Richardson is now asking the Court to reopen and reduce his federal sentence in light of the vacated state sentence. The Supreme Court and the Eleventh Circuit have repeatedly recognized the ability to reopen a federal sentence after having an enhancing state sentence vacated in state court. *Custis*, 511 U.S. at 197; *Daniels*, 532 U.S. at 382; *United States v. Walker*, 198 F.3d 811, 813-14 (11th Cir. 1999). Therefore, Richardson's claim is not barred.

A. <u>Richardson's new claim is cognizable under 28 U.S.C. § 2255.</u>

Relief under § 2255 is reserved for sentences imposed (1) in violation of the Constitution, (2) without a court's jurisdiction, (3) in excess of the maximum authorized by law, or (4) "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Non-constitutional and non-jurisdictional claims must allege "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). In general, errors in guidelines sentences imposed below the statutory maximum are not considered "complete miscarriages of justice." *See, e.g., Ayuso v. United States*, 361 Fed. App'x 988, 991 (11th Cir. 2010) (denying § 2255 relief for non-constitutional claim that a petitioner's criminal history points were

4

miscalculated); *Raine v. United States*, 2012 WL 5869117 at *2-3 (S.D. Ala. Oct. 25, 2012) (refusing to amend an advisory guideline sentence after a prior conviction was vacated).

The Report does not address all four components of § 2255(a). Instead, citing *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014),[5] the Report simply focuses on the fourth component and summarily concludes that Richardson's advisory-guideline sentence is not "otherwise subject to collateral attack" because it was imposed below the statutory maximum. [DE 14 at 12-13.] However, *Spencer* is a red herring. Unlike *Spencer* and the other cases the Government cites, Richardson's claim is constitutional in nature; and that distinction matters. *See Addonizio*, 442 U.S. at 187 ("The constitutional right to the assistance of counsel is itself violated when uncounseled convictions serve as the basis for enhanced punishment.") (citing *Burgett v. Texas*, 389 U.S. 109, 115 (1967)). Because Richardson claims his sentence was imposed in violation of the Constitution, his claim is cognizable under § 2255. *See Mateo v. United States*, 398 F.3d 126, 136 (1st Cir. 2005) (reopening a federal sentence that was enhanced by an unconstitutional state guilty plea); *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999) (same); *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (same).

B. <u>Petitioner's Motion is Not Successive.</u>

A defendant is only permitted to file a single § 2255 petition and successive petitions are generally dismissed. *See* 28 U.S.C. § 2255(h). Vacatur of a prior conviction however is a new "fact" that may form the basis for a second § 2255 petition under subsection (f)(4). *Johnson v. United States*, 544 U.S. 295, 303 (2005). If the prior conviction is vacated after the petitioner's §

---

[5] In *Spencer*, the petitioner was sentenced as a career offender based in part on a prior conviction of felony child abuse. Following the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), which disqualified felony child abuse as a "crime of violence," Spencer sought to vacate his enhanced sentence as a career offender. He did not claim a violation of his constitutional rights. Instead, the petitioner argued that his claim was cognizable under § 2255 because it was "otherwise subject to collateral attack." The Eleventh Circuit disagreed, holding that an erroneous sentence as a career offender is not a fundamental defect that results in a complete miscarriage of justice. *Spencer*, 773 F.3d at 1140.

5

2255 petition is decided, a second petition based on the vacated conviction will not be dismissed as successive. *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011); *Boyd v. United States*, 754 F.3d 1298, 1301-02 (11th Cir. 2014). Citing the language in *Johnson*, *Stewart* and *Boyd*, the Report finds that Richardson's petition is successive because it is based on his vacated sentence rather than a vacated conviction. Richardson argues on objection that there is no relevant distinction between a vacated conviction and a vacated sentence for purposes of § 2255(h). Based on the unique facts in this case, the Court agrees with Richardson.

While the Court in *Johnson*, *Stewart* and *Boyd* made reference to each defendant's conviction, its focus in each case was not on the conviction *per se* but on the new "fact," namely, a vacated proceeding, which provided the basis for the second § 2255 petition. For instance, Boyd received an enhanced sentence under 21 U.S.C. § 851. Sentence enhancements under § 851 are based on prior "convictions." 21 U.S.C. § 851(d)(1) ("[I]f the court determines . . . that the person is subject to increased punishment by reason of *prior convictions*, the court shall proceed to impose sentence upon him as provided by the part.") (emphasis added). Boyd's vacated conviction thus formed the basis for his second § 2255. Likewise, Stewart was sentenced as a career offender under the U.S. Sentencing Guidelines. The career offender enhancement is based on prior "convictions." U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if . . . (3) the defendant has at least two prior felony *convictions* of either a crime of violence or a controlled substance offense.") (emphasis added). Stewart's vacated conviction formed the basis for his second § 2255. Because these bases did not exist prior to each defendant's first § 2255, the Eleventh Circuit held that the second petitions were not successive.

6

In this case, Richardson received additional criminal history points under U.S.S.G. § 4A1.1. That section considers "prior sentences" for Guideline calculations.[6] *See* U.S.S.G. § 4A1.1(a)-(c) ("Add 3 points for each *prior sentence* of imprisonment exceeding one year and one month. . . . Add 1 point for each *prior sentence* not counted in (a) or (b), up to a total of 4 points for this subsection.") (emphasis added). Richardson's vacated sentence thus forms the basis for his most recent Motion. Because that basis did not arise until after Richardson's first § 2255, his current Motion is not successive.

C. Richardson's Petition is Timely Because He Diligently Vacated His State Sentence.

Richardson objects to the Report's finding regarding his diligence. Under *Johnson*, a petitioner proceeding under § 2255(f)(4) must have sought vacatur at the state-level with diligence. 544 U.S. at 310. Diligence is a question of fact that considers the individual circumstances of confinement. *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002); *see also Rivers v. United States*, 416 F.3d 1319, 1322-23 (11th Cir. 2005) (holding that a four year delay in filing a state habeas petition *without any attempt to explain the reasons for the delay* is not due diligence) (emphasis added). While *pro se* representation and procedural ignorance do not excuse a lack of diligence, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction." *Johnson*, 544 U.S. at 308. Moreover, once a petitioner diligently initiates proceedings in state court, any delay in those proceedings not attributable to him will not thwart his ability to obtain relief. *Id.* at 310 n.8.

---

[6] The Government argues, based on *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284-85 (11th Cir. 2012), that Richardson's surviving conviction would still count towards his criminal history calculation. *Acunya-Reyna* stands for just the opposite. In *Acuna-Reyna*, the petitioner received criminal history points based on a prior misdemeanor conviction and a monetary fine. The petitioner claimed on direct appeal that his prior conviction was uncounseled. According to the Eleventh Circuit however, even if the conviction was uncounseled, the monetary fine would remain in place and the criminal history calculation would remain unchanged. *Id.* at 1283. The decision therefore emphasizes the importance of prior *sentences* when calculating criminal history points.

7

Based on Richardson's efforts, which are described in more detail in Section I above, the Court finds that Richardson acted diligently. Richardson was sentenced in federal court on April 21, 2006. That same day, he asked his brother, Damon Richardson to help locate records from his state case. Damon provided Richardson these records in February 2007. [DE 15-1.] In July 2007, while his direct appeal was pending, Richardson filed his first state habeas petition, requesting his 1995 state conviction be vacated. After the Superior Court returned his petition unprocessed, Richardson filed a second state habeas petition in August 2008. In May 2011, he sent a notice of a change of address to the Clerk of the Superior Court. [DE 15-3.] The case remained open until March 2014 when it was denied for lack of service. In October 2014, Richardson filed a third state habeas petition with the assistance of counsel. The Superior Court granted the petition and vacated Richardson's state sentence in April 2015.

Even though the state court sat on the second petition for over five years, Richardson at all times believed that the case was under active consideration. [DE 1 at 6.] Richardson was not aware of the service of process error until the court dismissed the case in 2014.

Moreover, Richardson did not sit idle in those five years. While his state habeas was pending, Richardson filed three federal habeas petitions in August 2009, January 2014 and July 2014. In the 2009 petition, Richardson attempted to attack his uncounseled state sentence. However, after three years of litigation, this Court found that Richardson was barred from raising the uncounseled sentence. While the 2009 petition was on appeal, Richardson filed the January 2014 petition, which was dismissed as successive. Richardson also wrote to the U.S. Probation Office, claiming that his PSI was inaccurate. Probation admitted to the error, but refused to amend the PSI without a court order. This prompted Richardson in July 2014 to file a third § 2255, in which

he claimed that his PSI was inaccurate and attached Probation's letter. However, the petition was also dismissed as successive.

Given Richardson's continuous efforts and his reasonable explanation for the delays in the process, the Court finds that Richardson acted diligently. *See Goldman v. Winn*, 565 F.Supp.2d 200, 220-21 (D. Mass. 2008) ("Goldman's prompt and continuing efforts, and his explanation for some of the passage of time, makes his delay in obtaining vacatur of his state conviction more 'reasonable' than the delay considered in *Johnson*."); *cf. Johnson*, 544 U.S. at 311 ("Johnson has offered no explanation for [his three-year] delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures."). Accordingly, it is

ORDERED THAT

1) The Court **DECLINES TO ADOPT** the Report and Recommendation [DE 14].

2) Petitioner's Objections to the Report [DE 15] are **SUSTAINED**.

3) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28 U.S.C. § 2255 [DE 1] is **GRANTED**.

4) The U.S. Probation Office shall amend the Presentence Investigation Report in light of Petitioner's vacated 1995 state sentence.

5) A resentencing is **SCHEDULED for Tuesday, June 6, 2017, at 10:00 a.m.** in Courtroom 11-4.

DONE and ORDERED in Miami, Florida, this 10 day of May, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Hon. William C. Turnoff

9